BaeNex, Judge,
delivered the opinion of the court:
This case comes to this court under a jurisdictional act of Congress as follows:
“ Jurisdiction is hereby conferred upon said Court of Claims to hear and determine all claims of the Otoe and *428 Missouria Indians of whatsoever nature which either or both of said tribes of Indians may have or claim to have against the United States, with the right of appeal to the Supreme Court of the United States by either party, for the determination of the amount, if any, due either of said tribes from the United States under any treaties or laws of Congress or the unexecuted stipulations of any treaties or for the misappropriation of any of the funds of either of said tribes for purposes not for their material benefit or for the failure of the United States to pay either of said tribes any money due.”
The question now before the court for decision arises upon the demurrer of the defendants to the plaintiffs’ petition. A careful examination of the petition discloses the fact that it contains substantially three claims: (1) A claim that the plaintiffs have been defrauded, or perhaps it would be more nearly correct to say cheated, by the defendants in the making of several treaties; that is, that these treaties provided for payment to the plaintiffs of a much smaller amount than the land ceded was worth; (2) a claim that an agreement which was entered into between the plaintiffs and defendants and ratified by act of Congress, whereby there were remitted to delinquent purchasers certain amounts which they had contracted to pay for lands obtained from the plaintiffs by cession and which were payable to the plaintiffs under treaties made with them; (8) claim that the plaintiffs have never been paid sums which were agreed to be paid to them by the terms of certain treaties.
It seems almost unnecessary to say that the jurisdictional act gives this court no jurisdiction to grant any relief under either of the first two claims enumerated. That act gives tl-iig court jurisdiction “ to hear and determine all claims of the Otoe and Missouria Indians * * * due either of said tribes from the United States under any treaties or laws of Congress or unexecuted stipulations of any treaties or for the misappropriation of any funds of either of said tribes for purposes not for their material benefit or for the failure of the United States to pay either of said tribes any money due.”
Epitomized, said act gives this court jurisdiction to give the plaintiffs judgment for any sum which may be due them or either of them under existing treaties or the laws of *429 Congress or any misappropriation of funds belonging to them or either of them. That this does not give this court jurisdiction to inquire into the inequity or impropriety of any of these treaties between these Indians and the United States is so obvious as to hardly need citation of authorities. United States v. Old Settlers, 148 U. S., 427, 468; United States v. Choctaw, etc., Nations, 179 U. S., 494, 534.
The Old Settlers case, supra, was before this court (27 C. Cls., 1) under a special jurisdictional act which by its terms gave a broader jurisdiction to this court than the one in the present case. The Supreme Court in referring to that case in its opinion in the Choctaw, etc., case, supra, said:
“ The same principle was announced in United States v. Old Settlers, 148 U. S. 427, 468. That suit was brought under an act of Congress authorizing the Court of Claims to pass upon a claim preferred by an Indian tribe, the intention of Congress, as stated in the act, being £to allow the said Court of Claims unrestricted latitude in adjusting and determining the said claim, so that the rights, legal and equitable, both of the United States and of said Indians, may be fully considered and determined.’ In that case it was sought to have the claimants relieved of certain provisions of a treaty, because of fraud and duress alleged to have been practiced by the United States. But this court said: ‘ There is nothing in the jurisdictional act of February 25, 1889, inconsistent with the treaty of 1846 (or any other), and nothing to indicate that Congress attempted by that act to authorize the courts to proceed in disregard thereof. Unquestionably a treaty may be modified or abrogated by an act of Congress, but the power to make and unmake is essentially political and not judicial, and the presumption is wholly inadmissible that Congress sought in this instance to submit the good faith of its own action or the action of the Government to judicial decision, by authorizing the stipulations in question to be overthrown upon an inquiry of the character suggested, and the act does not in the least degree justify any such inference.’ ”
It is hardly necessary to say that acts of Congress regulating the relations between the Government and Indian tribes are the same in legal effect as treaties, and this would make the same rule applicable to the second claim mentioned as to the first.
*430 We feel constrained to say that the last claim heretofore mentioned is somewhat indefinitely stated but, giving this statement a liberal construction, it appears to state a claim against the United States for moneys due the plaintiffs under and in accordance with certain treaties. If the plaintiffs have any such claims this court is very plainly given jurisdiction to consider them under the jurisdictional act.
It is therefore ordered by the court that said demurrer be and the same is hereby sustained in part and overruled in part and an order to that effect will be entered herein.
All the judges concur.